UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. DUBRIN,<br><br>                Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>                Defendants. | Case No. EDCV 15-589 CJC(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, defendants' Motion to Dismiss the Complaint ("Motion to Dismiss"), plaintiff's opposition to the Motion to Dismiss ("Opposition"), defendants' Notice of Non-Reply to Plaintiff's Opposition, and all of the records herein, including the December 28, 2015 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), Defendants' Objection to the Report and Recommendation ("Objections"), and Plaintiff's Non-Objection to the Report and Recommendation. The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.

///

///

The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.[1]

Although defendants' Motion to Dismiss only cursorily argued that defendant San Bernardino County Sheriff's Department Sergeant Martinez ("Martinez") was entitled to qualified immunity on all of plaintiff's claims,[2] and did not bother to reply to plaintiff's contrary contention, based upon <u>Helling v. McKinney</u>, 509 U.S. 25 (1993) and <u>Hutto v. Finney</u>, 437 U.S. 678 (1978), that qualified immunity did not apply because the Eighth Amendment prohibits jail conditions that expose prisoners to the serious risk of exposure to communicable diseases,[3] defendants' Objections now, for the first time, argue that <u>Helling</u> and <u>Hutto</u> (as well as other cases cited in the Report and Recommendation), do not constitute pre-existing clearly established authority sufficient to have afforded Martinez notice that his alleged conduct violated the Eighth Amendment. This Court disagrees.

In <u>Helling</u>, the Supreme Court held that a prison official's deliberate indifference to the potential future health risks of exposure to environmental tobacco smoke could constitute a claim under the Eighth Amendment. <u>Helling</u>, 509 U.S. at 35. The Court analogized the case before it with hypothetical situations in which prison officials were deliberately indifferent to other types of potential harms, such as "exposure of inmates to a serious, communicable disease,"

---

[1] The Court notes, however, that one of the cases referenced in the Report and Recommendation – <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1103 (9th Cir. 2011) (Report and Recommendation at 24-25) – has been abrogated on non-applicable/other grounds, as recently stated in <u>Richey v. Dahne</u>, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

[2] <u>See</u> Motion to Dismiss at 13-14.

[3] <u>See</u> Opposition at 13.

and expressed its view that such indifference would also be actionable even if "the complaining inmate shows no serious current symptoms." Id. at 33.

Here, plaintiff has alleged that he told defendant Martinez that he was being forced to share a razor with other inmates who had hepatitis C and that plaintiff and other inmates were "extremely concerned" that they might contract the virus through the communal razor, and specifically asked to be provided with a substance to sterilize the razor. (Complaint Memo ¶¶ 15, 20). Rather than telling plaintiff the practice posed no risk to plaintiff's health – as might be expected if he believed as much – defendant Martinez instead allegedly refused to provide plaintiff with the requested sterilizing agent, and directed subordinates to place an HIV positive inmate in plaintiff's cell and to tell plaintiff to "have fun with the razor now." (Complaint Memo ¶¶ 20-22). The foregoing, accepted as true for purposes of the Motion to Dismiss, reasonably suggest that defendant Martinez actually believed that requiring inmates to share a common razor could increase the risk of transmitting a communicable virus among inmates, that Martinez did nothing to eliminate that risk and instead, intentionally enhanced plaintiff's risk of contracting a communicable disease by essentially directing him to share a razor with an HIV positive inmate. In light of Helling, every reasonable official would understand that such conduct would violate plaintiff's rights.[4]  See Johnson v. Epps, 479 Fed. Appx. 583, 591-92 (5th Cir. 2012) (per curiam) (defendant not entitled to qualified

---

[4] Although a court determining whether a right is "clearly established," is not required to rely on court cases "with identical or even 'materially similar' facts," Serrano v. Francis, 345 F.3d 1071, 1077 (9th Cir. 2003) (citations omitted), cert. denied, 543 U.S. 825 (2004), the contours of the inmate's right must have been "sufficiently clear" at the time of the alleged misconduct such that "every reasonable official" under the same circumstances would have known that he or she was violating the right. Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011) (citation omitted); see also Serrano, 345 F.3d at 1077 ("[W]here the contours of the right have been defined with sufficient specificity that a state official had fair warning that [the official's] conduct deprived a victim of his rights, [the official] is not entitled to qualified immunity.") (citations omitted).

immunity in connection with practice of requiring inmates to share communal razors without disinfecting them between uses which subjected inmates to increased risk of exposure to HIV and hepatitis, as reasonable official, in light of Helling, would understand such practice violated inmates constitutional rights).  As a result, defendant Martinez is not entitled to qualified immunity on plaintiff's Eighth Amendment claims and defendants' Objections suggesting otherwise are without merit.

IT IS THEREFORE ORDERED:  (1) the Motion to Dismiss is granted in part and denied in part for the reasons detailed in the Report and Recommendation; (2) all claims in the Complaint are dismissed except Claim One and Claims Three through Five as against the County and as against defendant Martinez in his individual capacity; and (3) plaintiff is granted leave to file a First Amended Complaint within twenty (20) days of the entry of this Order. [5]   Plaintiff is cautioned that the failure timely to file a First Amended Complaint will result in this action proceeding solely on the remaining claims and defendants.  The Clerk shall provide plaintiff with a Central District of California Civil Rights Complaint Form to facilitate plaintiff's filing of a First Amended Complaint if he elects to proceed in that fashion.

///
///
///

---

[5]Any First Amended Complaint must:  (a) be labeled: "First Amended Complaint;" (b) be complete in and of itself and not refer to or incorporate any portion of the original Complaint; (c) contain a "short and plain" statement of the claims for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) set forth clearly the sequence of events giving rise to the claims for relief; (g) allege with sufficient specificity what each defendant did and how that specific defendant's conduct injured plaintiff; and (h) not add defendants or claims without leave of court.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Report and Recommendation on plaintiff and counsel for defendants.

IT IS SO ORDERED

DATED: February 22, 2016

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE