UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. DUBRIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>　　　　　　Defendant. | Case No. EDCV 15-589 CJC(JC)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative First Amended Complaint, all documents submitted by the parties in connection with the Motion for Summary Judgment filed by defendants County of San Bernardino and San Bernardino County Sheriff's Department Sergeant Martinez, and all of the records in the case including the September 7, 2017 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R") and defendants' objections to the Report and Recommendation ("Objections" or "Obj."). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.[1] The Court concurs

---

[1] Unless otherwise indicated, this Court declines to consider new arguments raised and new evidence presented for the first time in Objections to the Report and Recommendation and, in any event, finds that such new arguments are meritless and that such new evidence would not alter the outcome. See generally United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831 (2001).

with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections. The Objections largely mischaracterize the Report and Recommendation and much of the evidence in the record and/or present conclusory arguments that are either immaterial to the issues on summary judgment or essentially assert the same arguments plaintiff previously raised, and which the Report and Recommendation properly concludes have no merit. This Court more specifically addresses certain portions of the Objections below.[2]

Defendants object that "the R&R discounted and refused to rule on any of defendants' [evidentiary] objections. . . ." (Obj. at 5). To the extent the Report and Recommendation relied at all on evidence that was the subject of an evidentiary objection, it actually recommended that "the [Evidentiary] Objections should be overruled either on the merits or because consideration of the evidence in issue does not alter the outcome, rendering the Objections moot." (R&R at 3 n.4).

Defendants object "the R&R adopted plaintiff's allegations concerning the sole cause of his Hepatitis C infection, utterly ignoring [other conflicting evidence]. . . ." (Obj. at 7-8) (citing R&R at "9:12-9 [sic] and 44:15-16"). This objection – like so many of defendants' others – both mischaracterizes the Report and Recommendation and the record and reflects a fundamental misunderstanding of the Court's role on summary judgment. For example, the Report and Recommendation did not "adopt[]" plaintiff's allegations, as defendants assert. Instead, the Report and Recommendation sections cited by defendants simply provided a discussion of certain controverted facts identified by plaintiff and explained how a reasonable jury *could* draw certain material inferences therefrom that were favorable to plaintiff's case (*i.e.*, "that Pimentel . . . could have been infected with Hepatitis C and shared a common razor with plaintiff during the

---

[2]The Court uses the same abbreviations for individuals and record citations that were defined in the Report and Recommendation. (See R&R at 2-3 nn.2-4).

2

Pertinent Time Period") when such facts were viewed in the light most favorable to plaintiff (the non-moving party) – as the Court must do on summary judgment. See Tolan v. Cotton, 134 S. Ct. 1861, 1863 (2014). In any event, this objection essentially raises a genuine dispute of material fact which must be resolved at trial, and/or asks that the court weigh or assess the credibility of conflicting evidence, which the Court may not do on summary judgment. See Porter v. California Department of Corrections, 419 F.3d 885, 891 (9th Cir. 2005) (court does not evaluate credibility or weigh conflicting evidence on summary judgment) (citation omitted).

Defendants object to "the R&R's reliance on the new inmate declarations not served in discovery and filed only in an attempt to create a 'sham issue of fact' was contrary to law." (Obj. at 21, 29, 30). For example, defendants appear to argue that declarations from inmates Pimentel, Cruz, and Taylor do not raise a genuine dispute of material fact as to whether defendant Martinez was, in fact, present in Unit 5 at any relevant time essentially because such declarations purportedly "contain statements that were proven absolutely false" and improperly attempt to establish "[defendant] Martinez's position, role, location, or authority within the Sheriff's Department" not based on personal knowledge. (Obj. at 21-22, 29). Nonetheless, defendants cite no persuasive legal authority for their apparent proposition that such declarations should not be considered simply because they were prepared in opposition to a motion for summary judgment. Moreover, such declarations are not, as defendants also appear to argue, improper for opposing summary judgment simply because they contain witness statements that are contradicted by other evidence in the record. To the contrary, a non-moving party cannot defeat summary judgment *without* presenting evidence that contradicts the moving party's facts – such as "[a]n affidavit or declaration used to . . . oppose a motion. . . ." Fed. R. Civ. P. 56(c)(1); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Such declarations are also not objectionable under the "sham

affidavit" rule.  In general, a party may not generate a declaration with "helpful facts" that directly contradict prior harmful evidence in *the same party's own* interrogatory responses or deposition testimony "solely in order to create a genuine issue of material fact" to avoid summary judgment.  School District No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1264 (9th Cir. 1993) (citations omitted), cert. denied, 512 U.S. 1236 (1994); see id. (noting sham affidavit rule "should be applied with caution") (citing Kennedy v. Allied Mutual Insurance Co., 952 F.2d 262, 266 (9th Cir. 1991)).  The cases cited in the Objections do not support defendants' assertion that "the 'sham issue of fact' doctrine . . . precludes a party from creating an issue of fact with an affidavit that contradicts prior discovery" (Obj. at 21), where, as here, no showing has been made that the affidavits contradict prior discovery responses of the proffering party.

       Similarly, defendants appear to challenge the Report and Recommendation determination that a reasonable jury could infer that WVDC officials maintained a custom or practice of failing properly to process inmate grievances and/or retaliating against grieving inmates, asserting that the inmate declarations the Report and Recommendation cited in support "cannot be based on [such inmates'] personal knowledge of seeing plaintiff attempt to grieve any issues because none of these inmates were [sic] housed in the same cell or even the same housing segment to be able to see each other."  (Obj. at 22-23, 30) (citing MSJ Exs. 3, 14-16) (emphasis added).  Defendants' argument is not supported by the exhibits defendants cite, which reflect the housing assignments for only three of the six inmates who provided the declarations referenced in the Report and Recommendation.  (See R&R at 61-62) (citing Opp. Decl. 1 at 2; Opp. Decl. 4 ¶¶ 8-9; Opp. Decl. 10 at 1-2; Opp. Decl. 13 ¶¶ 8-9; Opp. Decl. 15 ¶ 4; Opp. Decl. 16; Opp. Decl. 17 ¶ 4; Opp. Decl. 18 ¶ 2).  In any event, at most defendants raise a dispute of fact for trial and/or essentially challenge the weight and/or the

credibility of conflicting evidence testimony such inmates could provide at trial, which again is improper on summary judgment.

Defendants argue that the Report and Recommendation improperly "establish[ed] the scope of [defendant] Martinez'[s] role [at WVDC]" based on allegations in the verified First Amended Complaint which contained "impermissible hearsay." (Obj. at 10-11) (citing R&R at 6:24-27). The excerpt from the Report and Recommendation cited by defendants, however, does not "establish" anything about defendant Martinez's role at WVDC, and merely describes certain facts "*[p]laintiff* allege[d]" to provide context in the Report and Recommendation's statement of facts. (See R&R at 6) (citing FAC ¶ 20). To the extent defendants intended to argue that the Report and Recommendation improperly relied on the alleged hearsay statements when finding that "a reasonable jury could infer that defendant Martinez took 'adverse action' against plaintiff for repeatedly complaining to WVDC deputies about the Unit 5 Razor Policy[,]" such an argument also lacks merit since, as the Report and Recommendation essentially reflects, the record contains sufficient evidence to support such an inference even without the challenged statements. (R&R at 51) (citing, in part, SUF ¶ 13; FAC ¶ 19; MSJ Ex. 3).

Defendant Martinez objects that "the R&R concluded that [defendant] Martinez specifically housed or approved of the housing of an HIV-positive inmate, McClain, with plaintiff for retaliatory purposes based on impermissible double-hearsay and 'circumstantial' evidence." (Obj. at 11, 34, 36) (citing R&R at 8:25-9:1, 51:27-52:3). In the verified First Amended Complaint, plaintiff attests that one of the deputies who escorted McClain to Unit 1 Ad-Seg affirmatively told plaintiff that McClain "was HIV/AIDS positive" and that "[defendant] Martinez" wanted the deputy to tell plaintiff to "have fun with the razor now[.]" (FAC ¶ 26). Nonetheless, the objections to plaintiff's evidence submitted with defendants' Reply in support of the instant summary judgment motion did not challenge any

5

allegations in the verified First Amended Complaint on hearsay grounds, and thus such an evidentiary challenge has now been waived.  See Fireguard Sprinkler Systems, Inc. v. Scottsdale Insurance Co., 864 F.2d 648, 651 n.2 (9th Cir.1988) (failure to object to allegedly defective evidence waives the objection for purposes of summary judgment); Skillsky v. Lucky Stores, Inc., 893 F.2d 1088, 1094 (9th Cir. 1990) ("For purposes of summary judgment, the court had to consider [certain] testimony, even if it was hearsay, because [the defendant] failed to object.") (citing id.).  In any event, the record reflects that, to the extent the evidence is hearsay at all and/or is not subject to an exception, it may be considered on summary judgment where, like here, such evidence could be presented in an admissible *form* at trial.  See JL Beverage Co., LLC v. Jim Beam Brands Co., 828 F.3d 1098, 1110 (9th Cir. 2016) ("[A]t summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony.") (citing Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003), cert. denied, 541 U.S. 937 (2004)).

Defendants appear to object to the Report and Recommendation's finding that a reasonable jury could conclude that the Unit 5 Shaving Post Orders "effectively ensured that the communal razors provided in Unit 5 would not be properly disinfected[,]" in part, based on evidence which suggests that individual inmates were never told about – and thus never used – the State Barbering Method to disinfect a shared razor.  (Obj. at 12; see R&R at 40 (citing MSJ Ex. 9 at 2)).  Defendants assert "[t]he R&R [] states that inmates have no knowledge of the grooming standards other than what is included in the Inmate Rules and Regulation provided during orientation[,]" and request leave to submit additional evidence (*i.e.*, "the Inmate Orientation Video) and ask the Court to take judicial notice of other evidence which reflects that inmates were, in fact, aware of what was required of them under the applicable regulations and policies regarding inmate

6

grooming. (Obj. at 12-13) (citing R&R at 12:19-21) (emphasis added).³
Nonetheless, the actual language in the Report and Recommendation cited by defendants merely states that the *SBSD Brochure* does not address inmate facial hair grooming beyond a very limited description, not that inmates were necessarily otherwise generally unaware of WVDC grooming standards. (R&R at 12) (citing MSJ Ex. 9 at 2). In any event, at most defendants raise a dispute of fact for trial and/or challenge the weight and/or the credibility of conflicting evidence

Defendants object that "the R&R inaccurately concluded that 36 inmates share 90 minutes of tier time during which all 36 inmates vie for a single communal razor[,]" and seek leave to "submit additional documentation" which purportedly reflects that "there is sufficient time for Ad-Seg inmates to disinfect and use [communal] razors during their unfettered tier time . . . ." (Obj. at 14-15) (citing R&R at 37:8-38:18). To the extent defendants have not mischaracterized the Report and Recommendation, they appear to take issue with the Report and Recommendation's finding that "there is also sufficient evidence to support a reasonable inference that inmates had very little time to shave" and thus may not have been able and/or willing to disinfect a communal razor after each use, despite the Unit 5 Shaving Post Orders which required as much. (Obj. at 13-15; see R&R at 38 (citing MSJ Ex. 5 at 38, 44; MSJ Supp. Ex. 1b; MSJ Supp. Ex. 4 at 20-21)). Nonetheless, the evidence defendants proffer is largely duplicative of other uncontroverted evidence already in the record (*i.e.*, that plaintiff was required to shave with a single, communal razor in Unit 5), and at best, raises a dispute of

---

³Defendants represent that they had not previously addressed the issue of "inmate[] knowledge of the rules, grooming standards, and availability of [related regulations or other information]" because the issue "was not raised by plaintiff in the pleadings or Opposition." (Obj. at 12). Such assertion is puzzling, however, since defendants' statement of uncontroverted facts describes MSJ Ex. 9 as "Inmate Rules and Regulations and Orientation Video," and defendants' attorney attested that such exhibit contained "true and correct copies of the documents provided to inmates upon their entry at [WVDC]." (SUF ¶ 34; Ivicevic Decl. ¶ 9).

material fact for trial as to the issue.

Defendants object that "the R&R incorrectly took judicial notice [of information on the CDC web site] that Hepatitis C can be transmitted via an **electric** razor," and essentially point to other information on the CDC web site which purportedly reflects that sharing electric razors is actually unlikely to transmit Hepatitis C. (Objections at 15-16, 25-26) (emphasis in original). Taking judicial notice of the additional information identified by defendants would not alter the outcome of this matter. Defendants' objection simply highlights conflicting evidence on a material fact in dispute (*i.e.* whether a reasonable jury could infer that plaintiff contracted Hepatitis C by sharing a communal razor at WVDC), and thus fails to satisfy defendants' burden on summary judgment to demonstrate the *absence* of a genuine dispute of material fact.

IT IS HEREBY ORDERED that the Motion for Summary Judgment is denied and that the Clerk serve copies of this Order on plaintiff and counsel for defendants.

IT IS SO ORDERED

DATED: September 29, 2017

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE